IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CURTIS LAWRENCE, individually and as Owner of SKYWARD TRANSPORTATION, LLC, | * * * * |
| Plaintiffs, | * * |
| vs. | * Civil Action No. ADC-22-651 * |
| DAP PRODUCTS, INC., | * * |
| Defendant. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Curtis Lawrence, individually and as Owner on behalf of Skyward Transportation, LLC, ("Skyward"), (collectively, "Plaintiffs), brought action in this Court alleging unlawful interference with Plaintiffs' contract because of race discrimination in violation of 42 U.S.C. § 1981 (Count I), unlawful termination of Plaintiffs' contract because of race discrimination in violation of 42 U.S.C. § 1981 (Count II), retaliation for protected activity in violation of 42 U.S.C. § 1981 (Count III), and breach of contract (Count IV).[1] ECF No. 1. Defendant DAP Products, Inc. ("Defendant" or "DAP") now brings the present Motion to Partially Dismiss, seeking to dismiss Mr. Lawrence as a Party Plaintiff and to dismiss Count I of the Complaint. ECF No. 24. After considering Defendants' Motion and the responses thereto (ECF Nos. 26, 28), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

---

[1] On April 14, 2022, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07 and 28 U.S.C. § 636(c). ECF Nos. 18, 23.

1

## BACKGROUND

Mr. Lawrence, an African American man, is the Owner, President, and Chief Financial Officer for Skyward, a limited liability corporation. ECF No. 1 ¶¶ 1–2. On April 1, 2019, Skyward entered into a contract with DAP to perform pick up and delivery services, including transportation of DAP's products from its manufacturing facility at 13555 Jupiter Road, Garland, Texas, to its distribution center at 3102 Miller Park South, Garland, Texas. *Id.* ¶ 7. Prior to its contract with Skyward, DAP contracted with a white-owned transportation company. *Id.* ¶ 8. Skyward began providing services on or about April 15, 2019, and it contends it "performed its duties in a workman-like manner and per the Contract's requirements" at all relevant times. *Id.* ¶¶ 9–10. However, from August 2019 through July 2020, Plaintiffs allege the manager of the manufacturing facility, Robert Nagel, made repeated false complaints against Skyward to bring about the termination of the contract, and that he stated that "he would not stop until he got rid of Skyward." *Id.* ¶¶ 11, 53, 56. Plaintiffs also allege that Mr. Nagel treated Skyward less favorably than other white-owned companies and that Skyward's drivers encountered a hangman's noose at the manufacturing facility Mr. Nagel managed. *Id.* ¶¶ 17, 55, 58. Plaintiffs assert that as a result of Mr. Nagel's actions and race discrimination, DAP terminated the contract with Skyward without valid cause, failed to comply with the contract terms, and failed to provide written notice of any perceived breach of contract by Skyward. *Id.* ¶¶ 59–61.

On March 16, 2022, Plaintiffs brought the action in this Court. Defendant now brings the present Motion to Partially Dismiss the Complaint, seeking to dismiss Mr. Lawrence as a Party Plaintiff and to dismiss Count I in its entirety. ECF No. 24. Plaintiffs responded in opposition on May 6, 2022, and Defendant replied on May 19, 2022. ECF Nos. 27, 29.

2

## DISCUSSION

### A. Standard of Review

1. Motion to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Upon reviewing a motion to dismiss, the Court accepts "all well-pleaded allegations as true and construe[s] the facts in the light most favorable to the plaintiffs." *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 302 (4th Cir. 2019) (citations omitted). However, it does not accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Defendant's Motion

Defendant argues that (1) Mr. Lawrence should be dismissed as a Party Plaintiff because he lacks standing to bring all claims alleged in the Complaint, and (2) Count I should be dismissed in its entirety because, under Maryland law, a party cannot interfere with its own contract. ECF No. 24-1 at 3–4. I address each argument below.

1. <u>Mr. Lawrence as a Party Plaintiff</u>

Defendant asserts that Mr. Lawrence lacks standing to bring this action individually because shareholders cannot recover damages for injuries to a corporation. ECF No. 24-1 at 3 (quoting *Seton v. United Gold Network*, LLC, DKC-06-1246, 2008 WL 1925180, at *4 (D.Md. Apr. 30, 2008)). Defendant contends that the alleged injury here is to Skyward, not Mr. Lawrence personally, and he therefore lacks individualized injury separate and apart from Skyward. *Id.* at 3–4. Defendant supports its argument with case law from this Court. *Id.* at 3 (citing *Painter's Mill Grille, LLC v. Brown*, No. CIV.A. RDB-11-1607, 2012 WL 576640, at *5 (D.Md. Feb. 21, 2012), *aff'd*, 716 F.3d 342 (4th Cir. 2013)). In response, Plaintiffs assert that because an LLC cannot recover compensatory damages for emotional injury, the entity's members must be permitted to pursue such claims. ECF No. 25 at 4–5. Moreover, because the injury would not have occurred but for Mr. Lawrence's race, he has alleged concrete injury to himself personally, not just to Skyward. *Id.* at 5. They also assert that Mr. Lawrence is the minority owner and sole member of Skyward, and therefore it is distinguishable from case law prohibiting such actions by shareholders of a corporation. *Id.* at 6.

For a plaintiff to establish standing, it must show:

(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). Where individuals "elect[] to conduct their business through a limited liability company," and "received protection of their personal assets from liability in doing so," they also then assume "a role as agents for the company" and "[give] up standing to claim damages to the LLC, even if they also suffered personal damages

4

as a consequence." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 347–48 (4th Cir. 2013) (explaining that the Supreme Court's decision in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), foreclosed "just such claims"). A similar prohibition exists in Maryland for state law claims. *See Maryland Cmty. Health Sys., LLP v. Glendening*, 115 F.Supp.2d 599, 605 (D.Md. 2000) (explaining that Maryland corporate law follows the rule that even a "sole shareholder" does not have standing to assert wrongs on behalf of the corporation); *Painter's Mill Grille*, 2012 WL 576640, at *5 ("[U]nder Maryland law, shareholders cannot sue individually to recover damages for injuries to a corporation." (citation omitted)).

The United States Court of Appeals for the Fourth Circuit's decision in *Painter's Mill Grille* guides this Court's analysis. The Fourth Circuit explained that the Supreme Court's decision in "*Domino's Pizza* directly foreclose[d]" the individual plaintiffs' § 1981 claims alleging interference with the LLC's ability to contract. *Painter's Mill Grille*, 716 F.3d at 348. Because those individuals had no rights under the contracts, "they cannot bring § 1981 claims with respect to them, even though they may have personally suffered injury as a consequence." *Id.* The Fourth Circuit thus affirmed the lower court's decision to dismiss the individual plaintiffs for their lack of standing. *Id.*

Here, the case law is clear: Mr. Lawrence, even as a sole shareholder, does not have standing individually to bring a claim for damages to Skyward, even if he "personally suffered injury as a consequence." *Id.* Mr. Lawrence elected to conduct business through Skyward as an LLC, and in exchange for protection of his personal assets from liability, he "gave up standing to claim damages to the LLC." *Id.* The fact that Mr. Lawrence is the sole member of Skyward does not change the analysis; the legal function of an LLC to protect his personal assets is the same.

Accordingly, Plaintiffs have failed to allege facts to show that Mr. Lawrence is a Party Plaintiff, and I therefore grant the Motion to Dismiss Mr. Lawrence as a Party Plaintiff.

  2. Count I: Unlawful Interference with Plaintiffs' Contract Because of Race Discrimination in Violation of 42 U.S.C. § 1981

Defendant further asserts that Count I should be dismissed because Maryland courts do not permit a party to recover for interference in its contract where both the defendant and plaintiff were parties to the contract. ECF No. 24-1 at 4. Defendant relies exclusively on case law concerning the state law claim for tortious interference with contract. *Id.* Plaintiffs respond and assert that Count I alleges interference with contract in violation of 42 U.S.C. § 1981(a), not a state law claim for tortious interference with contract. ECF No. 25 at 2–3. They assert that Count I alleges race discrimination in the "enforcement and performance of the contract" between Skyward and DAP. ECF No. 25 at 3. Construing the facts in a light most favorable to Plaintiffs, I find their argument persuasive.

"Section 1981 grants all persons within the jurisdiction of the United States 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (quoting 42 U.S.C. § 1981(a)). To "make and enforce contracts" includes "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981(b). To succeed in a § 1981 claim, Plaintiffs "must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest," as well as membership in a protected class. *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). To allege a prima facie case of unlawful discrimination through interference with the right to contract, Plaintiffs must show: "(1) membership in [a] protected class[;] (2) intent on the part of the defendant; and

6

(3) interference with the rights or benefits associated with making and enforcing contracts." *Carter v. Dominion Energy, Inc.*, 529 F.Supp.3d 525, 541 (W.D.Va. 2021) (citation omitted). *Cf. Painter's Mill Grille*, 716 F.3d at 351 ("[R]elief is available under § 1981 where a party discriminatorily *uses its authority* to preclude an individual from securing a contract with a third party (citation omitted)).

Here, I agree with Plaintiffs that the Complaint specifies that Count I alleges a violation of interference with contract in violation of § 1981, not the state law tort of tortious interference with contract. Defendant's Motion treats Count I as alleging a state law tort violation, not a § 1981 race discrimination allegation. However, in its reply, it asserts a seemingly new argument that Plaintiffs have failed to state a claim for unlawful discrimination in the interference with the right to contract under § 1981. ECF No. 39 at 4. While the Court is not obligated to consider an argument raised in the reply, *see Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731, 734 (D.Md. 2006), the Court will consider this argument because Plaintiffs briefed the issue in their response to Defendant's Motion. *See* ECF No. 25 at 3–4.

Defendant asserts that Plaintiff has not shown that it intended to interfere, and actually did interfere, with Plaintiffs' rights and benefits of making and enforcing contracts. *See* ECF No. 29 at 4. Construing the facts in a light most favorable to Plaintiffs, I disagree. Plaintiffs' Complaint alleges that Defendant's employee, Mr. Nagel, stated he would "get rid of Skyward"—meaning, have the contract terminated, repeatedly made false accusations that Skyward failed to perform under contract to achieve that goal, and treated Skyward less favorably than its white-owned predecessor. ECF No. 1 ¶¶ 49–58. It further contends that but for Mr. Lawrence's race and Skyward's status as a Black-owned company, DAP would not have terminated the contract without valid cause, nor failed to comply with the contract terms to provide Skyward with notice of

perceived breaches. *Id.* ¶¶ 59–63. While Defendant is correct that some allegations overlap with other counts alleged in the Complaint. *See* ECF No. 29 at 4. The facts, such as a hangman's noose at the manufacturing plant, support Plaintiffs' allegation of racial animus and efforts to impede performance of the contract. Accordingly, accepting all well-pled facts as true and construing the facts in the light most favorable to Plaintiffs, Plaintiffs have alleged interference in the enforcement and performance of the contract because of race in violation of § 1981, therefore the Motion to Dismiss Count I is DENIED.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion (ECF No. 24) is GRANTED IN PART and DENIED IN PART. A separate Order will follow.

Date: 23 June 2022

A. David Copperthite
United States Magistrate Judge