## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS LAWRENCE, ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 22-0651-DRM |
| DAP PRODUCTS, INC., | * | |
| Defendant. | * | |

### MEMORANDUM OPINION

On remand from the United States Court of Appeal for the Fourth Circuit, Defendant DAP Products, Inc. ("DAP") moves for summary judgment on Plaintiff Skyward Transportation LLC's ("Skyward's") one surviving claim. ECF No. 82; *see Lawrence v. DAP Prods., Inc.*, No. 23-2268, 2025 WL 1098841, at *3 (4th Cir. Apr. 14, 2025). In Count IV of its Complaint, ECF No. 1, Skyward alleges that DAP breached its contract with Skyward by sending notice of termination by text message and email, rather than by certified mail. The Court finds that no hearing is necessary. Loc. R. 105.6. For the reasons set forth below, DAP is entitled to summary judgment on the issue of actual damages, but Skyward may proceed to trial to seek nominal damages for this alleged breach.

### FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of an April 1, 2019, contract (the "Contract") between Skyward, a Texas-based trucking company, and DAP, a Maryland-based manufacturing company, under which Skyward agreed to shuttle trailers between DAP's manufacturing facility and distribution center, both in Garland, Texas. ECF No. 82-3 at 10.

A series of events occurred between the parties, leading to this litigation.[1] However, the facts relevant to the remanded claim are simply as follows: On July 12, 2020, DAP sent a Termination Letter providing written notice of immediate termination to Skyward. ECF No. 82-5, at 2. Skyward's President, Curtis Lawrence, received the letter via text message around "8-something in the morning." ECF Nos. 82-4 at 5; 82-6 at 4. Skyward removed its equipment from DAP's property after receiving the Termination Letter and was paid for all invoices it provided to DAP. ECF No. 82-6 at 4.

The manner of delivery of the Termination Letter—email and text message—was at least facially in conflict with Section 17 of the Contract, which provided:

> 17. Notices All notices which may be given in connection with this Agreement shall be in writing; shall be sent postpaid by the party desiring to give such notices to the other party by U.S. Certified Mail, addressed to such other party at its address shown at the end of this Agreement, and shall be deemed to have been given when so sent.

ECF No. 82-3 at 7.

Skyward and its co-plaintiff, Mr. Lawrence, brought a four-count Complaint against DAP alleging unlawful interference with and termination of Skyward's contract with DAP because of race discrimination, in violation of 42 U.S.C. § 1981 (Counts I & II); retaliation for protected activity under § 1981 (Count III); and common law breach of contract (Count IV). ECF No. 1. Count IV combined two theories of breach: first, that DAP failed to provide notice of any perceived breaches and opportunity to cure them, as Skyward alleged was required under the Contract; and second, that DAP failed to provide adequate notice of the termination. *Id.* at 18, ¶ 93.

---

[1] The factual background for the claims which were not remanded by the Court of Appeals, and therefore are not at issue in the present motion, is set forth in ECF No. 67 at 2-6.

On November 6, 2023, this Court (Copperthite, M.J.)[2] issued a Memorandum Opinion and Order granting summary judgment for DAP on all counts. ECF Nos. 67 & 68. Regarding Count IV, Judge Copperthite first found that DAP did not breach the notice-and-cure provision of the Contract, because a separate provision allowing immediate termination for safety violations applied. ECF No. 67 at 19.

On the failure to provide notice by certified mail, Judge Copperthite found for DAP on two independent theories. First, Judge Copperthite found that "[a]rguably, by signifying that it accepted the termination by vacating DAP property immediately after receiving text and email notification, without insisting on notification by certified mail, Skyward waived its right under the contract to receive notice by certified mail." *Id.* at 20.

Second, Judge Copperthite observed that "numerous jurisdictions have held that email notification can be sufficient, even when the contract specifically calls for notification by certified mail or other means." *Id*. He held that:

> DAP's termination notice to Skyward sufficiently fulfilled its obligation. . . . The email notice does not appear to have undermined any of the objectives of the notice-requirement provision in ¶ 17 of the contract. Skyward clearly promptly received the notification, given that Skyward shortly removed its property from the Plant and the Distribution Center. Further, it does not appear that Skyward suffered any serious detriment by being notified in this fashion—Skyward has not pled any alleged injuries. Under these circumstances, requiring strict compliance with the notification provision would be inequitable.

*Id.* at 22 (citations omitted).

---

[2] This matter was directly assigned to the Honorable A. David Copperthite for all proceedings in accordance with Standing Order 2019-07, and the parties voluntarily consented under 28 U.S.C. § 636(c). *See* ECF Nos. 4, 23. Judge Copperthite retired on March 31, 2024. Upon reopening of the remanded case, it was reassigned to the undersigned.

Given these holdings, Judge Copperthite held that "Skyward has failed to sufficiently allege that a genuine dispute of material fact exists as to whether DAP breached the contract," and granted summary judgment for DAP on Count IV. *Id.* at 23.

Skyward appealed. The Court of Appeals affirmed Judge Copperthite's grant of summary judgment in all respects but one: "We . . . affirm the magistrate judge's order granting summary judgment insofar as it granted summary judgment to DAP on Skyward's § 1981 claims and breach of contract claim based on the allegation that DAP breached the agreement by not providing Skyward the opportunity to cure." *Lawrence*, 2025 WL 1098841, at *3.

The Court of Appeals remanded, however, on the second breach of contract theory: DAP's failure to deliver notice of termination via certified mail. On the waiver issue, the Court concluded that DAP would need to show not only that Skyward had waived the certified mail provision, but also that Skyward had waived the Contract's non-waiver clause—a proposition which the court found to be "unclear at this stage of the litigation." *Id.*

The opinion does not address Judge Copperthite's second basis for granting summary judgment on the certified mail claim—that "DAP's termination notice to Skyward sufficiently fulfilled its obligation" under the Contract such that "requiring strict compliance with the notification provision would be inequitable." ECF No. 67 at 22. Rather, the opinion states simply that "we vacate the order with respect to the grant of summary judgment on the claim that DAP breached the contract by not providing notice of the termination by certified mail, and we remand for further proceedings concerning this breach of contract claim." *Lawrence*, 2025 WL 1098841, at *3.

DAP now moves for summary judgment on the remanded claim, which corresponds to part of Count IV of the Complaint. ECF No. 82. Skyward filed its Response in Opposition, ECF No. 83, and DAP filed a Reply. ECF No. 84.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party meets its burden when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and when the nonmovant bears "the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to confront the motion with "sufficient evidence . . . for a jury to return a verdict for that party," the movant is entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). In making this determination, the Court views all facts, and all reasonable inferences drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88.

## ANALYSIS

In its renewed motion for summary judgment, DAP no longer pursues a theory of waiver. Rather, it raises two arguments. First, it reiterates a contention from its original Motion for Summary Judgment: that texting and emailing the Termination Letter to Skyward substantially complied with DAP's notice obligation under the Contract, such that no breach occurred. Second,

DAP argues that, even if it breached the notice provision of the Contract by sending the Termination Letter electronically, Skyward did not incur any resulting damages.

## I.       Substantial Compliance

DAP argues that "many cases . . . stand for the proposition that despite a requirement for notice by certified mail, email was sufficient where such notice did not undermine the objections of the agreement or constituted an efficient alternative." ECF No. 82-1 at 4. DAP asserts that the purpose of Paragraph 17 was to ensure receipt of notice, that Skyward acknowledges it received the Termination Letter, and that "DAP substantially complied with the notice provision and provided the termination letter in a manner in which the parties had been regularly communicating." *Id*. at 6. Moreover, DAP notes that Judge Copperthite agreed with this position in his Memorandum Opinion, and that "[f]or reasons unknown, the Fourth Circuit did not address this finding in its Opinion." *Id.* at 7.

Skyward responds pointing to other case law which, it argues, suggests that notice provisions must be strictly construed to require exact compliance; and that notice by email does not comply with contractual requirements of notice by other means; or, at the very least, that such substantial compliance determinations are the province of the jury and not amenable to summary judgment. ECF No. 83 at 6-10. Contrary to DAP's position that the Court of Appeals did not address the issue, Skyward argues the issue "has already been addressed, and negated, by the appellate court" when it vacated the grant of summary judgment "'on the claim that DAP breached the contract by not providing notice of the termination by certified mail.'" *Id.* at 9 (quoting *Lawrence*, 2025 WL 1098841, at *3.)

The Court may reach the merits of this issue only if it concludes that the Court of Appeals left it undecided. Under the "mandate rule":

> "a lower court generally is bound to carry the mandate of the upper court into execution and may not consider the questions which the mandate laid at rest." On remand, a district court cannot reconsider "issues expressly or impliedly decided" on appeal. However, if "controlling legal authority has changed dramatically"; "new evidence, not earlier obtainable in the exercise of due diligence, has come to light"; or "a blatant error in the prior decision will, if uncorrected, result in a serious injustice," then the district court may reopen an issue even if the appellate court's mandate did not contemplate relitigating that issue.

*Williams v. Martorello*, 59 F.4th 68, 77 (4th Cir. 2023) (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)) (cleaned up). The mandate rule

> is a "more powerful version" of the law of the case doctrine. *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005). It requires a lower court to faithfully apply the mandate of a higher court, which is controlling as to all matters within its scope. *Doe v. Chao*, 511 F.3d 461, 464–65 (4th Cir. 2007). The rule has two dimensions: "First, 'any issue conclusively decided by this court on the first appeal is not remanded,' and second, 'any issue that could have been but was not raised on appeal is waived and thus not remanded.'" *Id.* (quoting *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002)).

*JTH Tax, Inc. v. Aime*, 984 F.3d 284, 291 (4th Cir. 2021).

The Court of Appeals did not explicitly address Judge Copperthite's holding that "DAP's [emailed] termination notice to Skyward sufficiently fulfilled its obligation," and that "requiring strict compliance with the notification provision would be inequitable," under the circumstances. ECF No. 67 at 22.

However, this Court now finds that the Court of Appeals *implicitly* rejected this holding. It was one of two independent rationales Judge Copperthite provided for rejecting Skyward's contention that "a triable issue of fact still exists as to whether DAP provided Skyward with proper notice of the termination . . . 'due to DAP's undeniable failure to comply with Paragraph 17 of the Contract and undeniable failure to use U.S. Certified Mail.'" *Id.* at 19-20.

The Court of Appeals explicitly rejected the other rationale, waiver. *Lawrence*, 2025 WL 1098841, at *3. However, the Court of Appeals could not logically have vacated the grant of summary judgment with respect to notice by certified mail if it agreed with Judge Copperthite's alternative, independent rationale: substantial compliance. If the Court of Appeals had agreed with that holding, it would necessarily have affirmed the grant of summary judgment. The issue was extensively briefed by both parties on appeal. *See Lawrence v. DAP Prods., Inc.*, No. 23-2268 (4th Cir.), Brief of Appellant, ECF No. 24 at 52-54; Brief of Appellee, ECF No. 26 at 55-60; Reply Brief of Appellant, ECF No. 29 at 20-21. Therefore, in vacating, the Court of Appeals implicitly rejected this holding.

None of the exceptions to the mandate rule—a dramatic change in controlling legal authority, previously unobtainable new evidence, nor a blatant error giving rise to serious injustice—are present here. *See Williams*, 59 F.4th at 77. Accordingly, because this issue was "implicitly decided on appeal," it is a "question[] which the mandate laid at rest," and one which, "[o]n remand, a district court cannot reconsider." *Id.*

For these reasons, this Court cannot grant summary judgment for DAP on the basis that its emailed termination notice to Skyward substantially complied with DAP's notice obligation under the Contract.

## II.    Absence of Actual Damages

DAP argues that, even if it did not substantially comply with the notice provision of the Contract, Skyward did not incur any damages through receiving notice electronically rather than by certified mail. ECF No. 82-1 at 7-10. Skyward argues that DAP's breach of the certified mail notice provision rendered the termination ineffective and that the contract therefore continued in

effect until such time (if ever) as it was properly terminated. ECF No. 83 at 11. Skyward further argues that the issue of damages is a fact issue to be decided at trial by the jury. *Id.* at 11-12.

As an initial matter, the Court notes that this issue is not foreclosed by the Court of Appeals' mandate. Unlike substantial compliance, the lack of damages issue was not expressly or implicitly decided on appeal. Count Four of the Complaint alleged, in relevant part:

> DAP failed to provide written notice of any perceived breach(es), failed to allow Skyward the contractually-mandated period to cure any perceived breach, and failed to adequately provide notice of DAP's unlawful termination of the Contract on July 12, 2020, all of which are breaches by DAP of the Contract. . . . Skyward has been damaged by DAP's breach(es) in excess of $700,000.

ECF No. 1 at 18. In other words, the allegations of Count IV did not separate out the damages, if any, caused by the alleged notice defect.

Because Judge Copperthite's opinion granted summary judgment on the entirety of Count IV, it had no need to parse out the damages to which Skyward would have been entitled had it succeeded solely on its improper notice allegation. The opinion does note: "[f]urther, it does not appear that Skyward suffered any serious detriment by being notified in this fashion—Skyward has not pled any alleged injuries." ECF No. 67 at 22. But from the context, Judge Copperthite made that observation in support of his conclusion that "under these circumstances, requiring strict compliance with the notification provision would be inequitable," *Id.*, not as a stand-alone finding on the issue of damages. And even assuming *arguendo* he intended it as such, such a finding would have been unnecessary to the holding and therefore dictum.

Because of this posture, the parties had no reason to raise—and did not raise—this question before the Court of Appeals. *See Lawrence v. DAP Prods., Inc.*, No. 23-2268 (4th Cir.), Brief of Appellant, ECF No. 24 at 18, 50-55; Brief of Appellee, ECF No. 26 at 23, 54-60; Reply Brief of Appellant, ECF No. 29 at 20-21. And the Court of Appeals' opinion did not address it. *See*

9

*Lawrence*, 2025 WL 1098841, at *3.[3] For these reasons, the Court finds that the issue is properly before the Court.

To establish a breach of contract under Maryland law[4], a plaintiff must prove "contractual obligation, breach, and damages." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 17 A.3d 744, 749 (Md. Ct. Spec. App. 2011), *aff'd*, 43 A.3d 1029 (Md. 2012)). "But, '[i]t is not necessary that the plaintiff prove damages from the breach, for it is well settled that where a breach of contract occurs, one may recover nominal damages even though he has failed to prove actual damages.'" *Allegis Grp., Inc. v. Bero*, 689 F. Supp. 3d 81, 116 (D. Md. 2023) (quoting *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)), *aff'd*, No. 23-2023, 2025 WL 2141298 (4th Cir. July 29, 2025).

Where a plaintiff "has not established that [a] breach caused him any quantifiable loss," Maryland contact law "is clear that a breach of contract, in the absence of actual damages, will entitle the plaintiff to nominal damages." *Yacoubou v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 623, 638 (D. Md. 2012) (citing *Taylor*, 776 A.2d at 651; *Jones v. Hyatt Ins. Agency, Inc.,* 741 A.2d 1099, 1104 (Md. 1999); *Hooton v. Kenneth B. Mumaw Plumbing & Heating Co.,* 318 A.2d 514, 518 (Md. 1974)), *aff'd sub nom. Adam v. Wells Fargo Bank*, 521 F. App'x 177 (4th Cir. 2013).

For that reason, this Court has granted summary judgment for defendants on the issue of actual damages in contract claims, while permitting plaintiffs to proceed to trial seeking nominal damages. *See Klicos Painting Co. v. Saffo Contractors, Inc.*, No. JFM-15-02505, 2017 WL

---

[3] Defendant filed a Petition for Rehearing raising this issue, but the Court of Appeals denied it without an opinion. *Lawrence v. DAP Prods., Inc.*, No. 23-2268 (4th Cir.), ECF Nos. 33, 35.

[4] Section 20 of the Contract states: "This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Maryland applicable herein, except to the extent of applicable federal law." ECF No. 82-3 at 8.

3976625, at *6 (D. Md. Sept. 6, 2017) ("where a plaintiff fails to produce evidence of damages, summary judgment as to actual damages is appropriate. However, . . . a plaintiff may still proceed to trial on a breach of contract claim to recover nominal damages. Accordingly, [plaintiff] will be permitted to adduce evidence of a breach of the [contract], but will be limited to recovery of nominal damages if it prevails") (cleaned up), *amended on other grounds*, No. RDB-15-2505, 2018 WL 1786968 (D. Md. Apr. 13, 2018). *See also Nguti v. Safeco Ins. Co.*, No. PX-15-742, 2017 WL 2778821, at *4 (D. Md. June 27, 2017) (granting summary judgment on actual damages but allowing plaintiff to go to trial on nominal damages theory where "there [was] no way to ensure that Nguti's damages [were] the product of anything more than guesswork."); *Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2013 WL 6036694, at *8 (D. Md. Nov. 12, 2013) (granting summary judgment on actual damages but denying as to nominal damages.)

Analogously, where (unlike here) parties have filed cross-motions for summary judgment, this Court has granted partial summary judgment for a defendant on actual damages while simultaneously making an award of nominal damages to a plaintiff. *See Yacoubou*, 901 F. Supp. 2d at 637 (where plaintiff had not "provide[d] concrete proof of damages for breach of contract, and . . . ha[d] made clear that he [did] not intend to present such evidence," and "there [was] no factual issue for a jury to resolve," defendant was entitled to summary judgment on compensatory damages, and plaintiff was "entitled to an award of nominal damages.") *See also Jay Dee/Mole Joint Venture v. Mayor & City Council of Baltimore*, 725 F. Supp. 2d 513, 530 (D. Md. 2010) (although "the City ha[d] not proved, nor really attempted to prove, that it suffered damages as a result of th[e] breach," it was nonetheless entitled to nominal damages (citing *Taylor*, 776 A.2d at 651.))

To be sure, the approach has not been entirely uniform. *Compare Ambling Mgmt. Co. v. University View Partners, LLC*, 581 F. Supp. 2d 706, 718 (D. Md. 2008) (relying on availability of nominal damages as basis to deny summary judgment on contract claim, without granting partial summary judgment on actual damages, notwithstanding lack of proof of the latter) *with Sanchez v. Whole Foods Mkt. Grp., Inc.*, No. GJH-18-3106, 2020 WL 6485086, at *7 (D. Md. Nov. 3, 2020), aff'd, No. 20-2327, 2022 WL 3369521 (4th Cir. Aug. 16, 2022) (granting summary judgment for defendant on contract claims, based on, *inter alia*, lack of proof of damages, without reference to availability of nominal damages.) But at least in the circumstances present here, the Court agrees with the reasoning of *Klicos Painting, Nguti,* and *Allstate* that summary judgment for a defendant in this situation should be limited to the issue of actual damages, and a plaintiff permitted to go to trial on a theory of nominal damages.

Skyward points to *First Mortg. Bond Homestead Ass'n v. Baker*, 145 A. 876, 879 (Md. 1929), in which the court held that actions taken at a shareholder's meeting conducted without the mailed notice required by statute were void. Notably, however, the court found that shareholders who attended the meeting lacked standing to object, because "[t]he statutory provisions regarding notice are designed only for the benefit of stockholders, to insure them proper opportunity to attend the meetings; and, if the object is attained, the law is not then concerned with the method for its own sake." *Id.* at 878. Here, there is no dispute that Skyward in fact received the notice of termination. And even assuming Skyward were correct that *First Mortgage* means the contract was not terminated on July 12, 2020, it has not articulated what damages it incurred as a result.

Whether on its *First Mortgage* theory, or on its alternative argument that damages are an issue for the jury, Skyward has not substantively responded to DAP's contention that Skyward incurred no damages as a result of receiving notice by means other than certified mail. Nor has

Skyward pointed to any evidence in the record which would create a genuine dispute of material fact that Skyward had incurred such damages. Accordingly, the Court finds that DAP is entitled to summary judgment on the issue of actual damages.

Nonetheless, because "it is well settled that where a breach of contract occurs, one may recover nominal damages even though he has failed to prove actual damages," *Taylor*, 776 A.2d at 651, the Court finds that Skyward may proceed to trial on a theory of nominal damages only. *See Klicos Painting*, 2017 WL 3976625, at *6; *Nguti*, 2017 WL 2778821, at *3; *Allstate,* 2013 WL 6036694, at *8.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion for Summary Judgment (ECF No. 82) will be GRANTED IN PART AND DENIED IN PART. A separate Order will follow.


Date: March 17, 2026                                                       */s/*
                                                            Douglas R. Miller
                                                            United States Magistrate Judge